IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TERRY HANNA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:20-CV-231-L** |
| | § | |
| **IVY FUNDING COMPANY, LLC and** | § | |
| **BLAKE'S RECOVERY, LLC,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Ivy Funding Company, LLC's ("Ivy Funding" or "IFC") Motion to Compel Arbitration and Dismiss or, Alternatively, Stay Case ("Motion") (Doc. 15), filed March 26, 2020. In response, Plaintiff Terry Hanna ("Plaintiff" or "Hanna") filed a Notice of Non-Opposition and Request to Stay Proceedings Pending Arbitration (Doc. 18), to which Ivy Funding replied on April 17, 2020. Subsequently, on April 20, 2020, Plaintiff and both Defendants filed a Joint Proposed Scheduling Order (Doc. 20), which clarifies Plaintiff and Defendants' respective positions, including the position of Defendant Blake's Recovery, LLC ("Blake's Recovery"), regarding Ivy Funding's and Plaintiff's requests for relief. After considering Ivy Funding's Motion, Plaintiff's response and request to stay the case pending arbitration, Ivy Funding's reply, the Joint Proposed Scheduling Order, pleadings, and applicable law, the court: (1) **grants** Ivy Funding's Motion (Doc. 15) with respect to its unopposed request to compel arbitration of Plaintiff's claims against it and its request to dismiss with prejudice these arbitrable claims; and (2) **grants** Plaintiff's Request to Stay Proceedings Pending Arbitration (Doc. 18) to the extent that the proceedings in this case with respect to his claims against Blake's Recovery are **stayed** pending resolution of the

**Memorandum Opinion and Order - Page 1**

arbitration against Ivy Funding, and the court **administratively closes** this action regarding these particular claims. All other relief requested by Plaintiff and Ivy Funding is **denied.**

I.      **Factual and Procedural Background**

Hanna brought this action against Ivy Funding and Blake's Recovery on January 21, 2020, asserting causes of action for assault and alleged violations of the Federal Debt Collection Practices Act, the Texas Debt Collect Act, and section 9.609 of the Texas Business and Commerce Code. Hanna's claims arise from Blake's Recovery's repossession of his truck on September 6, 2019, at approximately 10:30 p.m. According to Hanna's Complaint, he obtained a loan from Ivy Funding and executed a loan agreement (the "Contract") that provided Ivy Funding with a security interest in his 1999 Ford F350 truck, and Blake's Recovery was hired by Ivy Funding to repossess the vehicle. Hanna alleges that the repossession of his truck was unlawful because it involved a breach of the peace, that is, a physical altercation between him and an employee of Blake's Recovery. In addition, Hanna alleges that Ivy Funding and Blake's Recovery had no right to enforce the security interest in his vehicle under the Contract with Ivy Funding because he paid off his loan on the same date his vehicle was repossessed.

On March 26, 2020, Ivy Funding filed its Motion, seeking to compel arbitration. Although Ivy Funding requests that the court compel arbitration of Plaintiff's claims against it, it also suggests that *all* of the claims asserted by Plaintiff in this action, including those against Blake's Recovery, are arbitrable given the broad language in the arbitration provision included in the Contract between it and Plaintiff. Based on this reasoning, Ivy Funding also appears to contend in its Motion that dismissal of this action in its entirety and all of the claims asserted by Plaintiff in this action is appropriate, or, at a minimum, that the claims against it should be dismissed. Alternatively, Ivy

Funding requests that the action be stayed pending arbitration, but it does not specify whether the action against it or only Blake's Recovery should be stayed.

On April 3, 2020, Plaintiff filed a one-paragraph response to Ivy Funding's Motion. Plaintiff indicates that he is not opposed to arbitration, but he does not explain whether his nonopposition applies only to his claims against Ivy Funding or to his claims against both Defendants. Plaintiff's response also includes a request, pursuant to section 3 of the Federal Arbitration Act ("FAA"), to stay this action pending resolution of arbitration. Based on *Midwest Mech. Contractors, Incorporated v. Commonwealth Construction Company*, 801 F.2d 748, 751 (5th Cir. 1986), Plaintiff contends that, "[i]f the issues in a case are within the reach of the [arbitration] agreement, the district court has no discretion under section 3 to deny the stay." Pl.'s Resp. 1.* Plaintiff, therefore, contends that this action should be stayed pending arbitration rather than dismissed.

Ivy Funding filed a reply in support of its Motion on April 17, 2020. In its reply, Ivy Funding focuses only on its request to compel arbitration of Plaintiff's claims against it without addressing its original argument that all of Plaintiff's claims are arbitrable. In addition, although Ivy Funding did not distinguish between staying Plaintiff's claims against it and Blake's Recovery in its Motion, it indicates in its reply that it is opposed to Plaintiff's request to stay this case in its entirety.

Neither Ivy Funding's Motion nor the motion to stay included in Plaintiff's response include a certificate of conference as required by this district's Local Civil Rules, and Blake's Recovery did not file a response to either motion, so it was unclear from these filings whether Blake's Recovery, which is represented by separate counsel, opposed or agreed with the relief sought by Ivy Funding

---

* Plaintiff also cites a Texas case for support; however, the issue of whether a stay is required under the FAA pending arbitration is governed by federal law, not state law.

**Memorandum Opinion and Order - Page 3**

or Plaintiff. On April 20, 2020, however, the parties filed a Joint Proposed Scheduling Order, which clarifies that Blake's Recovery "does not join in IFC's motion to compel or in Plaintiff's non-opposition," and "Blake's Recovery does not oppose IFC's dismissal from this action in light of the arbitration agreement, but does oppose a stay of this action as to Blake's Recovery." Joint Proposed Scheduling Order 2. Ivy Funding also reiterates in the Joint Proposed Scheduling Order, without reference to Blake's Recovery, as it did in its reply, that its Motion seeks to compel arbitration and dismissal of the claims against it.

**II.     Analysis**

  A. *All of Plaintiff's Claims Against IFC are Arbitrable*.

  As Ivy Funding and Plaintiff agree that all of Plaintiff's claims against Ivy Funding are governed by the arbitration clause in their Contract and the FAA, the court need not engage in an extensive analysis to determine whether these claims are arbitrable. It, nevertheless, notes that it agrees, after review of Plaintiff's Complaint and the Contract, that all claims asserted by Hanna against Ivy Funding in this action are arbitrable. The court, therefore, **grants** Ivy Funding's Motion to the extent it seeks to compel arbitration of these claims.

  Further, as all of Plaintiff's claims against Ivy Funding are arbitrable, the court determines that dismissal of these claims is appropriate. Section 3 of the FAA, 9 U.S.C. §§ 1-16, provides for a stay pending arbitration, but the Fifth Circuit has held that, when all claims are subject to arbitration, the district court, in its discretion, may dismiss the action with prejudice. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (citations omitted). The court in *Alford* reasoned that dismissal, rather than a stay, was appropriate when "[a]ny post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the

controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law." *Id.* (citation and internal quotations marks omitted).

The same reasoning applies here because all of Plaintiff's claims against Ivy Funding are subject to arbitration. As a result, retaining jurisdiction over Ivy Funding and the claims against it serves no purpose, as Plaintiff's and Ivy Funding's post-arbitration remedies will be limited to judicial review of the arbitrator's award based on the grounds set forth in the FAA. *See id.*; *see also Deosaran v. Ace Cash Express, Inc.*, 4:16-CV-00919-O-BP, 2017 WL 1318568, at *3 (N.D. Tex. Mar. 23, 2017), *report and recommendation adopted*, 4:16-CV-00919-O-BP, 2017 WL 1296453 (N.D. Tex. Apr. 7, 2017) (dismissing with prejudice all arbitrable claims against one defendant while staying claims against the remaining defendant based on the reasoning in *Alford*). Accordingly, the court **grants** Ivy Funding's request to dismiss with prejudice, rather than stay, all of Plaintiff's claims against it. For the same reason, Plaintiff's request to stay this action with respect to his claims against Ivy Funding is **denied.**

      B.      *Staying Plaintiff's Remaining Claims Against Blake's Recovery is Appropriate.*

As noted, Plaintiff requests that his claims against Blake's Recovery be stayed pending arbitration of his claims against Ivy Funding, whereas Blake's Recovery opposes arbitration and a stay of the proceedings in this case with respect to the claims asserted against it. Plaintiff and Blake's Recovery, however, do not address whether Plaintiff's claims against Blake's Recovery are governed by the arbitration clause in the Contract or FAA. As Plaintiff relies on section 3 of the FAA to support his requested stay, and the issue of whether to stay arbitrable and nonarbitrable claims under section 3 of the FAA differs, the court addresses first whether Plaintiff's claims against Blake's Recovery are arbitrable.

**Memorandum Opinion and Order - Page 5**

In determining whether claims are arbitrable, the court considers: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006) (citation omitted)). The Contract between Hanna and Ivy Funding includes an arbitration clause. Blake's Recovery is not a signatory to that Contract. The arbitration clause, nevertheless, states that all disputes between Hanna, as "Borrower," and Ivy Funding, as "Lender," including disputes involving "Related Parties" that are affiliates of the Lender and other persons or companies that are involved in a dispute by Hanna against the Lender "(like a repossession company)," are subject to mandatory arbitration under the FAA. IFC's Mot., Ex. 1-A at 4-5. The arbitration clause, however, goes on to state that it is not binding on Related Parties, and, while Related Parties can compel Hanna to arbitrate disputes governed by the Contract, Hanna cannot compel Related Parties to arbitrate. *Id.* at 5. Specifically, with respect to what the arbitration clause covers, the arbitration clause states as follows:

> This Clause covers Lender and me [Hanna as Borrower]. The Clause also applies if [I] have a dispute with a Related Party related in some way to my application, this Note, the Loan, the Vehicle, or my dealings with the Lender. Related Parties are not bound by this Clause. I may not compel a Related Party to arbitration. A Related Party may compel me to arbitrate Disputes covered by this Clause.

*Id*. at 5. Given this contractual language, the circumstances surrounding the dispute giving rise to this lawsuit and Plaintiff's claims against Blake's Recovery, and Blake's Recovery's opposition to arbitration, the court determines that Plaintiff's claims against Blake's Recovery are not arbitrable even though Blake's Recovery could have compelled arbitration of the claims against it as a Related Party under the Contract, despite it not being a signatory.

In a case involving arbitrable and nonarbitrable claims, courts consider the similarity of operative facts between such claims; the inseparability of the claims; and the potential effect of litigation on the arbitration in determining whether a stay of nonarbitrable claims should be granted under section 3 of the FAA. *See Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 344-45 (5th Cir. 2004); *Harvey v. Joyce*, 199 F.3d 790, 795-96 (5th Cir. 2000). In this case, Ivy Funding's potential liability derives in part from Blake Recovery's conduct and resolution of the claims against Blake's Recovery; the claims asserted against Ivy Funding are based on the same operative facts surrounding the repossession of Hanna's vehicle; and those facts are inherently inseparable from the claims against Ivy Funding. Consequently, allowing the litigation of Plaintiff's claims against Blake's Recovery in this case could adversely affect the arbitration of Plaintiff's claims against Ivy Funding and make the arbitration proceeding "both redundant and meaningless; in effect, thwarting the federal policy in favor of arbitration." *Id.* (citation omitted). The court, therefore, **grants** Plaintiff's request to stay this action with respect to his nonarbitrable claims against Blake's Recovery pending resolution of the arbitration against Ivy Funding.

### III.   Conclusion

For the reasons explained, the court **grants** Ivy Funding's Motion to compel arbitration of all of Plaintiff's claims against it and its request to dismiss with prejudice, rather than stay, these arbitrable claims. Accordingly, Plaintiff and Ivy Funding **shall** arbitrate all claims and disputes between them in accordance with the arbitration provision in their Contract, and all claims against Ivy Funding in this action are **dismissed with prejudice**. All other relief requested by Ivy Funding is **denied.** As no claims remain against Ivy Funding, the court expressly determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason to delay the entry of final

judgment with respect to Ivy Funding and Hanna. The court, therefore, **directs** the clerk of the court to enter a final judgment as to Ivy Funding and Hanna pursuant to Rule 54(b).

Further, the court **grants** Plaintiff's Request to Stay Proceedings Pending Arbitration (Doc. 18) with respect to his remaining nonarbitrable claims against Blake's Recovery in so far as the proceedings in this case as to Plaintiff's claims against Blake's Recovery; and the court **administratively closes** this portion of the action for statistical purposes to prevent it from aging. Accordingly, the United States District Clerk is **instructed** to submit JS-6 form to the Administrative Office, thereby removing this case from the statistical records. Nothing in this order shall be considered a dismissal or disposition of this case, and, should further proceedings in it become necessary or desirable, Plaintiff or Blake's Recovery may file a motion to reopen the case to initiate such further proceedings, or the court may take such action *sua sponte*. All other relief requested by Plaintiff is **denied.**

**It is so ordered** this 23rd day of July, 2020.

Sam A. Lindsay
United States District Judge